IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| SHERAH F., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. CBD-18-1957 |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| | ) | |
| Acting Commissioner, | ) | |
| Social Security Administration | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Presently before the Court is Defendant's Motion to Alter or Amend Judgment ("Defendant's Motion") (ECF No. 22). The Court has reviewed the related memoranda, and the applicable law. No hearing is deemed necessary. Local Rule. 105.6 (D. Md.). For the reasons set forth below, the Court DENIES Defendant's Motion.

**I.    Legal Analysis**

Defendant seeks relief pursuant to Fed. R. Civ. P. 59(e) to correct "clear errors of law in the Court's June 27, 2019 order." Def.'s Mem. in Support, 1-2. The Court does not agree with Defendant's notion of error,

**A.    The Requirements of the "Special Technique" Were Not Satisfied.**

Defendant contends that the ALJ fully complied with the regulations and associated case law in his application of the "special technique" for evaluating mental impairments. The Court determined otherwise.

The regulations require documentation and support for the ALJ's decision, including but not limited to

> the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described [elsewhere in the regulation].

20 C.F.R. § 404.1520a(e)(4).

Plaintiff argued, and the Court agreed, that more explanation is required to satisfy the regulations. Here is the full extent of the ALJ's justification.

> [Plaintiff] has moderate limitations. [Plaintiff] contended that she has limitations in concentrating generally and focusing generally. On the other hand, [Plaintiff] said that she is able to prepare meals, read, manage funds, handle her own medical care, and attend church. Additionally, the record fails to show any mention of distractibility or inability to complete testing that assesses concentration and attention.

R. 19. As stated in the Court's original Memorandum Opinion, (ECF 20), this language has been rejected by this Court. See Brocato v. Comm'r, Soc. Sec. Admin., Civ. No. SAG-16-2540, 2017 WL 3084382 (D. Md. July 19, 2017). The similarity between Brocato and the present case is remarkable. The Court in Brocato set forth the entirety of the ALJ's comments that were under review, namely the

> Consultative examiner Dr. Cascella indicated that [Ms. Brocato] was able to understand and follow simple instructions, and she scored 26 of 30 on a mini mental status examination. She complained of trouble concentrating, but the record does not demonstrate objective signs of concentration or memory problems. She testified that she cannot do two things at once but can do one thing at a time.

Brocato, at *3. The Court in Brocato described the ALJ's analysis as "cursory." Here, facing very similar abbreviated factual support, the Court used the term "brief," a term that is arguably

less condemning but at a minimum equates to the "cursory" label used by this Court previously. Brocato stated that the "finding of 'moderate difficulties' was based exclusively on Ms. Brocato's reported issues in concentration, since the remaining sentences in the analysis would suggest mild or no limitations." Id. There is even less evidence in the present case to support a finding a "moderate difficulties" if the Court excludes Plaintiff's self-reported issues. There is no objective evidence in the record to support the ALJ's finding.

As stated in Brocato, the Court here concludes that without further explanation it is impossible to determine whether the ALJ truly believed Plaintiff to have moderate difficulties, instead of mild or no difficulties, and "how those difficulties restrict her RFC." Id. Such an explanation is required to satisfy the standard set forth by the Fourth Circuit in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015).

Similarly, as in Miles v. Comm'r, Soc. Sec. Admin., Civ. No. SAG-16-1397, 2016 WL 6901985 (D. Md. Nov. 23, 2016), "it appears that the ALJ largely discredits" Plaintiff's "reports of difficulty with attention and concentration." Id. at *2. Here, the ALJ merely states that the record "fails to show any mention of distractibility or inability to complete testing that assesses concentration and attention." R. 19. Arguing from silence is of no help. More explanation is required for this Court to assess the compliance with the statute and regulations. Defendant's argument by silence is surely of less import than the actual scores from the testing relied upon by the Commissioner in Brocato.

Finally, Defendant attempts to rescue the ALJ's determination by use of an expansive review of the record. This is equally to no avail. While Defendant correctly notes that record evidence may be helpful even it found in different sections of the ALJ's ruling, once found said evidence must be evaluated by the ALJ and support his conclusion. This did not occur.

3

"Likewise, because we cannot review the ALJ's mental-impairment evaluation, we cannot say that he properly assessed [the plaintiff's] RFC. . . . And because we cannot gauge the propriety of the ALJ's RFC assessment, we cannot say that substantial evidence supports the ALJ's denial of benefits." Patterson v. Comm'r, Soc. Sec. Admin., 846 F.3d 656, 662 (4th Cir. 2017). The statutory obligation to "document" the application of the special technique clearly means that the ALJ must provide the substance of his reasoning, not merely the conclusion.

### B. The RFC Assessment Does Not Meet the Standards Set Forth in Mascio.

Assuming arguendo that the ALJ properly employed the special technique, the Court could then consider the subsequent calculations for the RFC assessment. While the Court was not required to consider the RFC assessment, it did so as it was apparent the issue would be presented during the remand.

The ALJ here used the following "non-exertional" limitations:

> [Plaintiff] is capable of performing simple, routine and repetitive tasks in a work setting with occasional decision-making and occasional changes in the work setting. She should not work in an environment with fast pace requirements or high production quotas. She can have occasional or superficial interaction with co-workers and supervisors, but no contact with the public.

R. 20.

As explained in the original decision, the above quoted language from the ALJ is not helpful. The phrase "simple, routine and repetitive tasks in a work setting with occasional decision-making and occasional changes in the work setting," has been largely rejected by McDonald v. Comm'r, Civ. No. SAG-16-3041, 2017 WL 3037554, at *4 (D. Md. July 18, 2017). The ALJ's statement that Plaintiff "should not work in an environment with fast pace requirements or high production quotas," employs terms that are not common enough for the

Court to know what is meant without elaboration. Thomas v. Berryhill, 916 F.3d 307 (4th Cir. 2019). Likewise, the reference to "occasional or superficial interaction with co-workers and supervisors, but no contact with the public," is a measure of social functioning that does not adequately address the ability of Plaintiff to comply with any requirements regarding concentration, persistence or pace. Wilson v. Comm'r, Soc. Sec. Admin, Civ. A. No. ADC-17-2666, 2018 WL 3941946, at *5 (D. Md. Aug. 16, 2018).

Conversely, there is case law which this Court has found acceptable to address the issues of concentration, persistence or pace. Defendant correctly directs the Court's attention to Teresa B. v. Comm'r, Soc. Sec. Admin., Civ. No. SAG-18-2280, 2019 WL 2503502 (D. Md. June 17, 2019), an opinion issued a few weeks before the original opinion here. In Teresa B., the saving grace of the decision was the more descriptive language employed. There the ALJ limited Plaintiff to "no work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the other)." Id., at *2. This is the very type of explanation that Mascio demands and that is lacking in the case at bar. What Thomas takes away, Teresa B. returns. The language of the ALJ here did not equate to the language of Teresa B., and that shortcoming results in the lack of clarity that the Thomas court found unacceptable.

Last, Defendant misunderstands the Court's "acknowledgement of the ALJ's thorough explanation of the evidence" where the original decision noted that the ALJ's narrative explanation of the evidence is "the type of logical reasoning that courts have long sought from ALJ's in Social Security decisions." ECF 20, at 15-16. The ALJ's explanation is appreciated, but it is not sufficient to justify his position. As stated, the ALJ's lengthy explanation does not discuss explicitly how Plaintiff's "mental limitations affect her ability to perform job-related

tasks for a full workday." The only references in the lengthy explanation on this point are 1) "the medical opinion evidence indicated that [Plaintiff] was capable of work at all exertional levels with some mental and social limitations;" and, 2) "Records show that [Plaintiff] had an exacerbation of symptoms requiring hospitalization, but the remainder of the mental health evidence indicates that [Plaintiff's] symptoms were largely situational in nature and responded to treatment when she was compliant." R. 24-25. The ALJ provides no basis for these statements considering the medical evidence which shows Plaintiff with depression and other mental health issues which affect her daily. The ALJ satisfied his obligations for detail in other areas of his narrative, but it did not meet the level necessary for the mental health issues raised here.

      C.      **The <u>Thomas</u> Decision Supports the Conclusions Reached by this Court.**

The determinations in the <u>Thomas</u> decision are very applicable here. The <u>Thomas</u> court "expressed no opinion on whether the ALJ's RFC finding were correct." <u>Thomas</u>, at 313. The <u>Thomas</u> court could never reach the issue because of the sort of problems at hand here, such as the failure of the ALJ to: 1) draw explicit conclusions about Plaintiffs mental limitations to stay on task for a full workday; 2) sufficiently explain how he weighed significant evidence regarding Plaintiff's mental health treatment; and 3) provide enough information to understand what is meant by fast pace requirements or high production quotas. As <u>Mascio</u> made clear, there are instances in which "the concentration, persistence, or pace limitation does not affect" a plaintiff's ability to work, in which case it is "appropriate to exclude it from the hypothetical tendered to the vocational expert." <u>Mascio</u>, at 638. Here, the ALJ does not suggest that the limitation has no effect, therefore a meaningful explanation is required. As in <u>Thomas</u>, the purpose of the Court's review is frustrated by the lack of detail.

## II. Conclusion

To the extent the Court has not specifically addressed other concerns raised by Defendant's Motion, the Court continues to rely upon the reasoning of its original opinion without modification. At the end of the day, the Court is not persuaded by Defendant's arguments renewing the concerns originally raised. The Court hereby DENIES Defendant's Motion.

October 30, 2019                                             /s/
                                                    Charles B. Day
                                                    United States Magistrate Judge